# CIRCUIT COURT OF GREENE COUNTY

Richard L. Downey
and Pamela D. Downey

v.

Verizon Virginia, L.L.C.

July 23, 2013

Case No. CL12-144

By Judge Daniel R. Bouton

On June 18th, the court heard oral argument on the plea in bar filed by the defendant. The court took the disputed issues under advisement. I am writing to advise of the court's rulings.

First, the court confirms the ruling that it announced at the conclusion of oral argument. Specifically, the factual assertions set forth in the pleadings are sufficient to allow the court to consider whether an injunction of some type should be granted. The statute of limitations cited by the defense would not be a bar to determining whether any injunctive relief would be appropriate. Therefore, the plea in bar is overruled with regard to the request for an injunction.

The remaining issue is whether the plea in bar would prohibit the plaintiff from seeking monetary damages based on the complaint for trespass. The law that governs this inquiry is clearly stated in *Hampton Roads Sanitation Dist. v. McDonnell*, 234 Va. 235 (1987). There, the Supreme Court of Virginia said:

> If the wrongful act is of a permanent nature and one that produces all the damage that can ever result from it, then the entire damages must be recovered in one action and the statute of limitations begins to run from the date of the wrongful act. Conversely, when wrongful acts are not continuous but occur only at intervals, each occurrence inflicts a new injury and gives rise to a new and separate cause of action. . . . In the latter situation, a plaintiff's right of recovery is limited

> by the statute to the damages sustained during the five years immediately preceding the institution of the suit.

*Id.*, at 239 (citations omitted).

In the case before the court, the question is whether the alleged wrongdoing is permanent and of a continuous nature or whether it has occurred only at intervals. If it is permanent and continuous, then the plea in bar regarding monetary damages must be sustained. On the other hand, if the wrongdoing has occurred at intervals, then the plea in bar must be overruled with respect to any wrongful acts that occurred within the five years that preceded the filing of the complaint.

Since the issue has been raised based on a plea in bar, the trial court must accept as true all of the pleaded facts. The Supreme Court of Virginia set forth this principle in *Gray v. Virginia Secretary of Transportation*, 276 Va. 93 (2008). There, the court stated that, where "no evidence is taken in support of a plea in bar, the trial court, and the appellate court upon review, consider solely the pleadings in resolving the issue presented. The facts as stated in the pleadings by the plaintiff are taken as true for the purpose of resolving the special plea." *Id.*, at 97 (citations omitted).

Turning to the complaint, the pleaded facts refer to only one date, "July/August 1995." The only wrongful act alleged is that the defendant "entered on plaintiffs' land for its own convenience and profit, intentionally placed an overhead telephone cable on plaintiffs' property, where it had no permission, authority, or easement/right of way to do so." The plaintiffs complain of no other specific actions by the defendant. Significantly, the pleadings do not refer to any actions of the defendant in the five years prior to the institution of the suit. Based on this one claim of trespass, the plaintiffs' demand that the defendant "cease trespassing on plaintiffs' land." By not removing the cables that were installed in 1995, the plaintiffs assert that the defendant has "continued to trespass on plaintiffs' property." Moreover, in attributing malice to the defendant, the plaintiffs charge that the defendant refuses "to remove its trespassing telephone cable line from plaintiffs' property." Finally, plaintiffs state that they have no adequate remedy at law because the "acts of trespass by defendant are continuing in nature."

In the court's view, even if all of the facts described by the plaintiffs are accepted as true, the complaint sets forth only a single act of trespass that occurred in 1995 and that is referred to as continuous in nature. Under such circumstances, the statute of limitations began to run from the date of the alleged wrongful act, July or August of 1995. Therefore, the plea in bar to the claim for damages based on the facts alleged in this particular complaint will be sustained. The case itself will remain on the court's docket because of the pending claim for injunctive relief.