## CIRCUIT COURT OF GREENE COUNTY

Richard L. Downey
and Pamela D. Downey

v.

Verizon Virginia, L.L.C.

December 20, 2013

Case No. CL12-144

BY JUDGE DANIEL R. BOUTON

On December 3rd, the court heard oral argument on the demurrer filed by the defendant. The court took the disputed issues under advisement. I am writing to advise of the court's rulings.

The demurrer to the amended complaint will be sustained with regard to the alleged trespass of 1995 and the claim for damages arising from this incident. The claim of the plaintiffs is one for damage to property. In the court's view, the pleadings describe a single, permanent act of trespass that occurred in 1995. The alleged wrongful acts are not continuous in nature. Section 8.01-243 of the Code of Virginia provides that the statute of limitations is five years. Therefore, the cause of action expired in 2000.

An extensive discussion of the disputed issues is not warranted. Much of the analysis contained in the court's letter opinion of July 23rd [86 Va. Cir. 526] remains relevant. As part of the rationale for its ruling, the court adopts the arguments made by Ms. Riley on pages 3-6 of Verizon's Memorandum of Law in Support of Its Demurrer. In addition, the court will address the specific arguments that have been made based on the differences between the original complaint and the amended complaint. This will take into account the allegations contained in the new pleadings.

To begin with, the court is not persuaded that the amended complaint sets forth facts that would render the tortious acts "continuous" as defined and discussed by the Supreme Court of Virginia in *Hampton Roads Sanitation Dist. v. McDonnell*, 234 Va. 235 (1987). First, the claim that Verizon workers have entered the property from time to time since 1995 would not be significant. Such later actions, even if true, are not based on the alleged trespass of 1995. An example of this would be the allegations about what occurred on the property in 2012 as a result of Hurricane Sandy. This

incident is not an extension of the actions that took place in 1995. It is not connected to what was done by Verizon when the property was entered to install the cable lines. Any Verizon agents who came to the property in 2012 were there because of the work that was required by the aftermath of the storm. None of these various events are related to one another for purposes of a tort claim. They are not analogous to or similar to an ongoing seepage or discharge of waste. Seepage is the type of activity that is consistent with what the Virginia Supreme Court described as a continuous tort in *Hampton Roads Sanitation Dist.* Such a tort is marked by one event that occurs at a particular time and then proceeds to continue without interruption from that point forward. The seepage or discharge amounts to a continuation of the initial act committed by the tortfeasor and is directly related to it. In contrast, any entries on the property of the plaintiffs here by Verizon workers and employees after 1995 would be separate and distinct from one another. Each would be an independent event that would give rise to a separate cause of action.

Next, the court rejects the argument of the plaintiffs that the transmission of electrical impulses through the lines that Verizon installed somehow rendered the alleged tort a continuous one. In the court's view, the transmission of such impulses is not a trespass. Thus, the electrical or signal activity generated by the cable line would not be part of any tortious activity.

Finally, the court declines to overrule the demurrer simply because the pleadings allege that the actions of Verizon amount to a continuous tort. This assertion constitutes nothing more than a conclusion of law. However, merely stating that a tort is continuous is not sufficient. While a demurrer assumes the truth of well pleaded facts, it does not admit the correctness of the pleader's conclusions of law. *Fox v. Custis*, 236 Va. 71 (1988); *Ames v. American National Bank*, 163 Va. 1 (1934). Here there are no pleaded facts in the amended complaint that, if proven, would establish that a continuous tort was or is being committed.

As a result of the above, the demurrer to the amended complaint will be sustained. The claim for damages based on the alleged trespass of 1995 will be dismissed with prejudice. The case will continue to remain on the court's docket based on the pending claim for injunctive relief.